### VOORHEES AND AL. v. THORN AND AL.

1. A bond given by an insolvent debtor under the 1st Section of the act of Feb. 19, 1830, is forfeited, if the court at the hearing fail to discharge him by being equally divided ; unless he surrenders himself immediately to the custody of the Sheriff, or obtains a continuance of his application for further hearing.

2. A *failure* to discharge, submitted to by applicant, is equivalent to a *refusal* to discharge, and no order to remand necessary.

3. A *wrongful* refusal by the court to discharge while unreversed, will forfeit the bond if debtor do not surrender himself ; and a discharge on a subsequent application is no defence in an action on the bond.

4. Whether debtor on a refusal to discharge by the court can demand a trial by Jury ? Quere.

On Error to Somerset Common Pleas.

Argued before GREEN, C. J. and WHITEHEAD and CARPENTER, J. J.

This action was instituted upon an insolvent bond given by the defendants below to the plaintiffs below, bearing date on the 5th day of October A. D. 1841. The bond recites that Jacob Voorhees, one of the obligors, had been surrendered in discharge of his bail, into the custody of the Sheriff of Somerset, upon a writ of capias ad respondendum at the suit of the present plaintiffs. The condition of the bond is that " the said Jacob Voorhees shall appear before the next Court of Common Pleas to be holden in and for the county of Somerset, and petition said Court for the benefit of the insolvent laws of this state, and shall in all things comply with the requirements of the said insolvent laws, and shall appear in person at every subsequent court until he shall be duly discharged as an insolvent debtor, and if refused a discharge, surrender himself immediately thereafter to the sheriff, or keeper of the gaol of said county, there to remain until discharged by due course of law."

At the term of the Court of Common Pleas of the County of Somerset, holden next after the date of the said bond, which was in January 1842, in compliance with the condition of a bond previously given to other parties (viz. to Hoyt, Bogart &

Co.), the said Jacob Voorhees did appear and petition the said Court for the benefit of the insolvent laws of this state. Whereupon the court appointed a special term to be held on the seventh day of March then next ensuing to hear the said application, and what might be said for and against the discharge of the said Jacob Voorhees as an insolvent debtor. At the special term so appointed, the discharge of the said Jacob Voorhees was opposed by his creditors upon the ground that he had not made a fair and honest surrender of all his property, but that he had concealed and kept back a part of his property, with intent to defraud his creditors.

Upon the application for a discharge, the court was equally divided in opinion, which being announced, the applicant demanded a trial by jury, which was denied by the court. The said Jacob Voorhees did not thereupon surrender himself to the sheriff, or keeper of the gaol, but went at liberty. No order to remand the petitioner was applied for by the creditors or made by the court, nor was any application made on behalf of the petitioner to continue his application for the benefit of the insolvent laws, or for a re-hearing at a subsequent term; nor was any such order made by the court.

At the next regular term of the said court in April 1842, the said Jacob Voorhees again petitioned the said court, under the same arrest, and bond to Hoyt, Bogart & Co. for his discharge as an insolvent, and the court being of opinion that the applicant had been refused his discharge under a former petition made under the same arrest, and bond to Hoyt, Bogart & Co., dismissed the said application and refused to hear the same. The applicant thereupon did not surrender himself into the custody of the sheriff, or keeper of the gaol, but went at liberty, no order having been made by the Court.

At the next regular term of the said court in June 1842, the said Jacob Voorhees again petitioned the said court under the same arrest and bond to Hoyt, Bogart & Co. for his discharge as an insolvent debtor, and thereupon the said court at a special term held on the 22d day of August 1842, in pursuance of the said application granted to the said Jacob Voorhees his discharge as an insolvent debtor.

At the term of April 1842, Thorn, Haff & Thomas, the plaintiffs in this suit, recovered judgment against Jacob Voorhees in the suit wherein he was arrested, and gave bond as aforesaid, for $264.70 damages, and $29.39 costs of suit. At the term of June 1842, and prior to the discharge of the said Jacob Voorhees as insolvent, and to his last application for such discharge, the present action was commenced in the Circuit Court of the county of Somerset by the defendants in error, upon the insolvent bond so as aforesaid given to them by the said Jacob Voorhees. The cause having been submitted to the Court upon the point whether upon the foregoing statement of facts the plaintiffs were entitled to recover. Judgment was rendered in favor of the plaintiffs. The case having been removed by writ of error, the same question is now submitted for the decision of this court.

*Vroom* for plaintiff in error.

*Hageman* and *Leupp* for defendants in error.

Opinion of the court delivered by

GREEN, C. J. For the purposes of the present inquiry the application of Jacob Voorhees for his discharge as an insolvent debtor at January Term 1842 is admitted to have been regular. It is also admitted that a legal and valid discharge of the applicant as an insolvent debtor upon the petition made at January Term 1842, in compliance with the condition of the bond given to Hoyt, Bogart & Co. under an arrest at their suit would have been a complete fulfilment and discharge of the condition of the bond upon which the present action is brought.

The only question fairly presented by the case and seriously discussed by counsel upon the argument, grows out of the failure of the court to pronounce any judgment either for or against the discharge of the petitioner on the 7th of March 1842, in consequence of the court being equally divided in opinion. On the part of the plaintiffs it is insisted that by such division the applicant was refused a discharge, and that by the terms of his bond he was bound to surrender himself immediately thereafter to the sheriff, or keeper of the gaol of the county, and that on

his failure so to do, his bond became forfeited. The counsel of the defendants on the other hand, insist that until there was a direct refusal by the court to discharge the applicant, and until he was remanded by the court, he was not obliged to surrender himself. That there is and can be no refusal to discharge under the act, except by the order of the court itself. That it must appear affirmatively to the court that the applicant has concealed or kept back part of his property, before the discharge can be refused, or the applicant remanded to prison. That the judgment of the court upon the petition for a discharge as an insolvent debtor, is a final judgment, and cannot be pronounced, much less inferred, upon a division of the court. These suggestions are certainly not without weight, and they derive much countenance from the phraseology, especially of the fourth section of the act of 1830 (*Elm. Dig.* 257 § 32), under which the application was made.

Still, this act must be construed in reference to the act of 1795, and it is manifest from the whole scope and phraseology of the act that the *onus* of establishing his title to a discharge, rests upon the debtor. He is the actor. It is not for the creditors to establish to the satisfaction of the court that he has acted fraudulently. He is asking at the hands of the court relief from all personal liability for his debts. As a condition of that relief the court are to " be satisfied that the conduct of the debtor has been fair, upright, and just." Then, and then only, can the court order a discharge. So when there is a trial by jury. Although the creditor undertakes to prove affirmatively that the debtor has concealed and secreted some part of his estate, still the affirmative of the issue is upon the debtor, both in form and in substance. The debtor is by the terms of the act required " to prove in evidence and maintain the truth and legality of his case according to the issue on his part joined." *Elm. Dig.* 252 § 7. Failing to support the issue upon his part either before the court or before the jury, he is not entitled to his discharge. · *Williamson* v. *Booream,* 5 *Halst.* 351.

In the present case, the court being equally divided in opinion, the debtor had failed to satisfy the court that his conduct had been fair, upright and just, and consequently he was not

entitled to his discharge.  Upon an equal division of the court, a re-argument of the cause would manifestly have been proper. And had an application been made for that purpose, it is fair to presume that the court in the exercise of a sound discretion, would have continued the case and directed a further hearing. But no such application was made, nor was any order for this purpose made by the court.  The debtor, however, did demand a trial by jury, which was denied by the court.  If in this the court (which is not admitted) committed an error, the debtor was not without remedy.  But without questioning the legality of that order, the debtor applied at the next term for a new hearing.  Under these circumstances, the failure of the court to discharge the debtor was tantamount to a refusal to discharge. Upon such refusal, the defendant was bound by the terms of his bond to surrender himself immediately thereafter to the Sheriff, or keeper of the gaol of the county.  Failing so to do his bond became forfeited, and the plaintiffs entitled to their action.

But it is said that the debtor was not bound to surrender himself until remanded by the court.  That it was no less obligatory upon the court to remand, than upon the debtor to surrender himself:  And that in the absence of the order of the court, the sheriff or gaoler had no authority to receive or detain the debtor in custody.  This very point came under consideration, in the case of 3 *Green* 40, *Woodruff* v. *Barrett*, and was directly involved in the decision of that cause.  The court there refused to discharge the debtor, upon the ground that the bond given by him on his arrest was insufficient; but made no order remanding the applicant or committing him to the custody of the sheriff.  The debtor, however, in discharge of the condition of his bond, voluntarily surrendered himself to the sheriff.  The sheriff received him into custody, but afterwards permitted him to go at large, and for so doing an action was brought against the sheriff for an escape.  It was objected, that the officer had no authority to receive or detain the debtor in custody; no order of the court having been made for that purpose.  But the court held otherwise, and the judgment was subsequently affirmed upon writ of error.  The Chief Justice in delivering his opinion, says : " The defendant among other

things was bound, if he did not obtain his discharge to surrender himself to the sheriff. When the court refused to discharge the debtor he had an election either to forfeit his bond by continuing at large, or to save it by an immediate surrender of himself to the sheriff. The previous proceedings and refusal by the court to discharge the defendant is a virtual commitment, or at least sufficient record authority to justify and make it the duty of the sheriff to receive and detain the defendant in his custody."

Admitting however, that there was no final disposition of the cause at the special term in March—that the decision of the court left the cause undecided and pending—that the cause was regularly continued without any order of the court for that purpose, and that the subsequent petition at June term was authorized by law, still the plaintiff's right of action remains unimpaired. For upon this latter petition the court being of opinion that the cause had been already finally disposed of, dismissed the application and refused to hear the same. The debtor nevertheless failed to surrender himself into custody.

There can we think, be no question but that this last order of the 13th of June, whether legal or illegal, valid or invalid, so long as it remained in force was a final disposition of the cause. That order still remains unreversed by any appellate or superior tribunal. The subsequent proceedings in the same court upon another petition can in no wise affect it. The debtor therefore was refused his discharge by the court as an insolvent debtor. Upon such refusal, he did not, in compliance with the condition of his bond surrender himself immediately thereafter to the sheriff or keeper of the gaol of the county of Somerset. By such omission the bond became forfeited, and the plaintiffs entitled to their action.

Let the judgment be affirmed.

WHITEHEAD and CARPENTER, J. J. concur.

Judgment affirmed.

CITED in *Race* v. *Dehart*, 4 *Zab.* 40; *Steelman* v. *Mattix*, 9 *Vr.* 252.